### S. A. HAGERTY *v.* S. K. HAYS AND SCALES.

**Execution—Judgment—Laches.**

The failure of an execution debtor, to use due diligence in collecting his judgment against the garnishee of the debtor, thereby losing to the debtor the amount of credit he was entitled to, will exhonorate him from liability on his debt to that extent.

**Same—Appeal in Another Case.**

An appeal from a judgment in favor of the same creditor by a garnishee in another case, would not operate to suspend his duty to proceed against the other garnishee, and secure the amount due thereon. Such a collection might have discharged the garnishment appealed from, by reason of the debt being thus paid.

APPEAL FROM KENTON CIRCUIT COURT.

April 16, 1869.

OPINION OF THE COURT BY JUDGE HARDIN:

Jacob Scales recovered separate judgments against Hagerty and Lindsay in an action against them in the Kenton circuit court upon their promissory note which Scales held as assignee of Samuel K. Hays for $216. And executions issued thereon being returned "no property found," and J. J. Miller being indebted to Lindsay, Scales brought suit in equity in the Boone circuit court against Hagerty, Lindsay and Miller and recovered a judgment for the amount of his debt, interest and costs against Miller as a garnishee on the 15th of September, 1865.

The debt of Miller to Lindsay being larger than the sum adjudged to Scales, Lindsay sued Miller and recovered a judgment against him in April 1864. And it appears that an execution which was issued on the 4th day of May 1864 in favor of Lindsay against Miller was credited as of that date by $332.29, the amount of the judgment against Miller as a garnishee. The same credit was likewise endorsed on a subsequent execution which was issued on the judgment.

This suit was brought in August 1866 in the names of Hagerty and Lindsay against Scales and Hays 'to enjoin the collection of the original judgments aginst Hagerty and Lindsay on the alleged grounds that by reason of the judgment against Miller as a guaranshee, Lindsay was prevented for collecting that amount, and that Scales might with proper diligence have collected it, but failed to do so, and after obtaining the judgment failed for over one year to cause an execution to issue thereon.

The defense controverted the allegation of negligence and alleged that the defendants were unable to collect the judgment against Miller because of his insolvency.

The court dissolved the plaintiff's injunction and dismissed their petition and they have appealed to this court.

The evidence conduces to show that if due diligence had been used to collect the judgment of Scales against Miller as soon as the plaintiff therein was entitled to an execution the debt might have been collected. And although it appears that an appeal was prosecuted from another judgment in the same case against Grant who as well as Miller, was sued as a garnishee, and on that appeal the judgment against Grant was reversed. It does not appear that the prosecution of that appeal operated to suspend the right of the appellee, to proceed to collect the judgment against Miller. It seems to us therefore; that whether the mere recovery of the judgment against Miller as a garnishee discharged the judgment in the Kenton circuit court against Hagerty and Lindsay or not, the recovery of that judgment and consequent suspension of Lindsay's right to proceed to collect the same debt, and the subsequent failure to use diligence to collect it, and thereby satisfy the judgment against Hagerty and Lindsay, operated to discharge the appellants from liability on the judgment against them, and the court ought to have perpetrated their injunction.

Wherefore the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Carlisle & O'Hara, for appellant.*

*J. C. Howard, for appellee.*